UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUDY ANAYA,<br><br>　　　　　Defendant. | CASE NO. 1:15-CV-856-LJO-SMS<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM FOUND TO BE COGNIZABLE |

Plaintiff Paul Weldon ("Plaintiff") brings the instant complaint *in pro se* against defendant Rudy Anaya, a police officer, for civil rights violation under 42 U.S.C. § 1983 ("§ 1983") and several state claims. For the reasons below, Plaintiff's complaint will be required either to file an amended complaint or to notify the Court of his willingness to proceed only on his § 1983 claim.

I.　　SUMMARY OF ALLEGATIONS

According to the complaint, Plaintiff was driving his properly registered vehicle in Fresno California on July 8, 2013. He pulled over and stopped in an apartment complex driveway to answer a phone call. Soon, a man on a motorcycle, wearing a police uniform, pulled up, flashed his emergency lights, and blocked Plaintiff's vehicle. Plaintiff alleges that this man was a police officer named Rudy Anaya. Mr. Anaya told Plaintiff to put his car in park. He walked up to Plaintiff's driver's side window and asked to see his driver's license. Plaintiff showed it to him. Mr. Anaya asked Plaintiff several questions. He did not have a warrant for his arrest. After about twenty minutes, Mr. Anaya returned Plaintiff's driver's license and pulled out of the parking lot.

Plaintiff filed the instant complaint on July 8, 2015. He alleges that Mr. Anaya's actions

constitute "malfeasance, assault and battery, false arrest, false imprisonment, and deliberate indifference to Plaintiff's constitutional rights to unencumbered right to freedom of movement and freedom of travel unimpeded as guaranteed by the United States Constitution." He requests that the Court find Mr. Anaya in violation of Plaintiff's civil rights protected by the Constitution, that the Court find Mr. Anaya in violation of various state torts, and that the Court make other findings regarding Mr. Anaya's conduct including a finding that his actions were "unbecoming as an employee of the Fresno police department." He requests that punitive damages and damages for expenses incurred by Plaintiff as a result of Mr. Anaya's actions; however, Plaintiff has not identified any expenses or actual damages incurred.

## II.   SCREENING

The court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the actions states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief. This screening for failure to state a claim is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring. *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III.   RULE 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (*quoting Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

A pleading may not simply allege a wrong has been committed and demand relief. A pleading must give fair notice of the claim being asserted and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

If the Court determines that the complaint fails to state a claim, it should grant leave to amend to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d at 1130. Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Id*. at 1128.

IV.   DISCUSSION

　　A.   42 U.S.C. § 1983

Plaintiff's complaint alleges a civil rights violation, which is actionable under § 1983. To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961). The Fourth Amendment's prohibition of unreasonable searches and seizures extends to brief investigatory stops of persons or vehicles that fall short of an arrest. *United States v. Willis*, 431 F3d 709, 714 (9th Cir 2005); *Delaware v. Prouse*, 440 U.S. 648, 653 (1979) (the detention of an automobile is a seizure within meaning of Fourth Amendment).

Here, Plaintiff has alleged that a police officer, a person acting under color of state law, violated his Fourth Amendment rights to be free from unreasonable searches and seizures when he blocked Plaintiff's van without cause and told him to put his vehicle in park. Hence, he has stated a cognizable §1983 claim against defendant Rudy Anaya, which will be permitted to proceed.[1]

---

[1] Plaintiff has also alleged Mr. Anaya violated his constitutional right to freedom of movement. However, the right to freedom of movement governed by the privileges and immunities clause of the Constitution, which protects the right of ingress and egress between different states, is not implicated in this case. *See* U.S. Const., Art. IV, § 2, Clause 1; *Paul v. Virginia*, 75 U.S. 168, 180 (1869).

B. State Claims

Plaintiff has identified certain California tort claims including assault, battery, false imprisonment, trespass, negligence, and invasion of privacy. Plaintiff has not alleged that he has presented a timely claim to the Fresno Police Department. In addition, Plaintiff has not alleged facts that would support most of the California tort claims.

Before a public entity or a public employee acting in the course and scope of employment can be sued under California law, the California Tort Claims Act ("CTCA"), Cal. Gov't Code §§ 810 et seq., requires "the timely presentation of a written claim and the rejection of the claim in whole or in part." *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995) (*citing Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861 (1983)).

Here, Plaintiff has alleged that Mr. Anaya is a Fresno police officer who, while in uniform, flashed his emergency lights and parked his motorcycle behind Plaintiff's van. Mr. Anaya then asked to see Plaintiff's driver's license and asked him some questions. Thus, Plaintiff alleges that Mr. Anaya was a police officer acting in the scope of his employment with the Fresno Police Department, and claims against him are subject to the presentment requirements of the CTCA. Plaintiff has not alleged compliance with the CTCA. Hence, as pled, his state tort claims are procedurally barred. Plaintiff may amend his complaint to allege compliance with the CTCA. If Plaintiff files an amended complaint, he is advised to research each cause of action he has alleged order to understand the necessary elements of each claim and allege sufficient facts to state claims that are cognizable on their face.

V. LEAVE TO AMEND

Plaintiff will be given opportunity to amend his complaint in accordance with this order. If Plaintiff elects to file an amended complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Plaintiff is warned that all causes of action alleged in an original complaint which are not alleged in an amended complaint will be deemed waived.

VI.   ORDER

Based on the foregoing, it is hereby ORDERED that, within thirty (30) days from the date of service of this order, Plaintiff must either: 1) file an amended complaint curing the deficiencies identified by the Court in this order; or 2) notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only with his §1983 claim. Failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **October 22, 2015**                         **/s/ Sandra M. Snyder**
                                                      UNITED STATES MAGISTRATE JUDGE