UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUDY ANAYA,<br><br>　　　　　Defendants. | No. 1:15-cv-00856-DAD-MJS<br><br>ORDER DENYING MOTION FOR DISQUALIFICATION<br><br>(Doc. No. 24) |

Plaintiff filed this action on June 8, 2015, alleging that defendant Rudy Anaya deprived him of his civil rights under 42 U.S.C. §§ 1983 and 1986. (Doc. No. 1.) On September 23, 2016, plaintiff filed a "Notice of Disqualification of Erica Mercado Camarena and Affidavit in Support Thereof." (Doc. No. 24.) Plaintiff's notice was not a motion properly noticed for hearing under the Local Rules of this court.[1] In any event, therein plaintiff alleges that Deputy City Attorney Camarena, who represents defendant in this action, has violated ABA Model Rule of Professional Conduct 1.9(b) by serving as counsel in the substantially related matter of *Weldon v. Conlee*, 1:13-cv-00540-LJO-SAB. (*Id*. at 1.) Plaintiff also alleges that Deputy City Attorney Camarena

/////

/////

---

[1] Plaintiff is forewarned that despite his pro se status, he must comply with the Local Rules of this court as well as the applicable Federal Rules of Civil Procedure.

1

has not taken the "public officer and employee" oath.[2] (*Id*. at 1–3.) Plaintiff cites language from the United States Constitution and the California Constitution requiring certain government officials to take an oath of office. (*Id*.) For the reasons set forth below, plaintiff's notice of disqualification, construed as a motion to disqualify, will be denied.

ABA Model Rule of Professional Conduct 1.9(b) provides that:

> A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>
> (1) whose interests are materially adverse to that person; and
>
> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;
>
> unless the former client gives informed consent, confirmed in writing.

However, "[b]ecause [federal courts] apply state law in determining matters of disqualification, we must follow the reasoned view of the state supreme court when it has spoken on the issue." *In re Cty. of L.A*, 223 F.3d 990, 995 (9th Cir. 2000). As applicable to members of the California bar, California Rule of Professional Conduct 3-310(E) provides that:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

Applying the appropriate ethical rule, plaintiff's argument for disqualification of defense counsel fails because Deputy City Attorney Camarena's representation in the present matter is not adverse to a prior client. Specifically, in plaintiff's other case, *Weldon v. Conlee*, 1:13-cv-00540-LJO-SAB, Deputy City Attorney Camarena served as the defendant's counsel and did not represent plaintiff. In the present action Deputy City Attorney Camarena is again serving as defendant's counsel and is not representing plaintiff. Moreover, plaintiff does not allege that Deputy City Attorney Camarena has ever represented him in any action. Accordingly, there are

---

[2] Attached as "Exhibit A" to plaintiff's motion is a letter from Fresno City Clerk Yvonne Spence stating that "the City of Fresno does not require our employees to sign an oath of office." (Doc. No. 24 at 4.)

no grounds to find that Camarena violated Rule 1.9(b), or the relevant California Rule of Professional Conduct.

Likewise, plaintiff's argument that Deputy City Attorney Camarena failed to take a proper oath of office is of no avail.  Plaintiff has not identified any authority which would disqualify Deputy City Attorney Camarena from the present action based upon the lack of an oath of office. Consequently, plaintiff has not presented any grounds for disqualification of defense counsel.

For these reasons, plaintiff's notice of disqualification (Doc. No. 24), construed as a motion, is denied.

IT IS SO ORDERED.

Dated:  **December 21, 2016**  
_____  
UNITED STATES DISTRICT JUDGE